UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

     Plaintiff,

v.

Diego Perez-Mejia,

     Defendant.

File No. 25-cr-317 (ECT/EMB)

**ORDER**

---

In a Report and Recommendation dated February 9, 2026, Magistrate Judge Elsa M. Bullard recommended: (1) denying Mr. Perez-Mejia's motion to suppress evidence obtained because of a warrantless seizure, ECF No. 24; and (2) denying as moot in part and granting in part Mr. Perez-Mejia's motion to suppress statements, admissions, and answers, ECF No. 25. *See* ECF No. 36 ("R&R"). Mr. Perez-Mejia objects to that portion of the Report and Recommendation recommending denial of his motion to suppress evidence obtained because of a warrantless seizure. *See* ECF No. 39. To the extent Mr. Perez-Mejia has objected, the standard of review is *de novo*. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Mr. Perez-Mejia's objection will be overruled, and the Report and Recommendation will be accepted. Familiarity with the Report and Recommendation is presumed.

Mr. Perez-Mejia objects to the Report and Recommendation's determination that his traffic stop was supported by probable cause and therefore justified under the Fourth Amendment. ECF No. 39 at 2; *see* R&R at 11–13. He argues that the Marshall police

officers who stopped him for speeding lacked sufficient information that he was engaged in a traffic violation before they pulled him over, and thus that they acted without the requisite reasonable suspicion or probable cause to support the stop.  ECF No. 39 at 4–5.  Mr. Perez-Mejia points to the lack of body-cam or dash-cam evidence showing the radar reading, as well as the Government's failure at the suppression hearing to question Officer Bos, who had been a police officer for less than two months at the time of the stop, regarding his lack of experience visually estimating a passing vehicle's speed.  *See id.*

"A traffic stop constitutes a seizure for purposes of the Fourth Amendment and therefore must be supported by probable cause or reasonable suspicion." *United States v. Givens*, 763 F.3d 987, 989 (8th Cir. 2014).  An officer has probable cause to conduct a traffic stop if the officer "objectively has a reasonable basis for believing that the driver has breached a traffic law." *United States v. Linnell*, 93 F.4th 1102, 1105 (8th Cir. 2024) (quoting *United States v. Gordon*, 741 F.3d 872, 876 (8th Cir. 2013)).  Here, Mr. Perez-Mejia was stopped for driving over the speed limit, a traffic violation.  *See* Minn. Stat. § 169.14.   Officer Bos testified that on the day in question, he was patrolling in his "fully marked patrol vehicle" with his supervising field training officer, Officer Wilson, in the passenger seat.  *See* ECF No. 35 at 10–12.  As Officer Bos was driving, a red van driven by Mr. Perez-Mejia drove toward him in the opposite direction.  *See id.* at 10.  Though Officer Bos's radar "was not turned on at that time," Officer Bos "visually saw the [red van] speeding." *Id.* at 10–11.  Officer Bos then "activated [his] front facing radar as [the red van] was . . . passing." *See id.* at 11.  According to Officer Bos, the radar "[e]mitted a clear high tone, displaying 40 miles an hour in a known posted 30-mile an hour zone." *Id.*

at 7.  Taking into account both Officer Bos's lack of experience and the Government's failure "to question Officer Bos about how he estimated the van's speed prior to engaging his radar," Judge Bullard credited Officer Bos's testimony that he confirmed his visual observation by activating his squad's radar, which indicated that the red van was traveling at least 10 miles per hour over the speed limit.  R&R at 12–13.  Based on this credible testimony, Judge Bullard properly concluded that the stop was supported by probable cause.

Mr. Perez-Mejia's argument that the lack of video evidence corroborating Officer Bos's testimony warrants suppression is unpersuasive.  True, the officer's body-cam or dash-cam video did not capture the radar reading, and the patrol vehicle's dash-cam did not capture the red van speeding.  *See id.* at 12–13.  But "probable cause to effectuate a traffic stop is not dependent on the existence of a video recording and may rest on officer testimony alone."  *United States v. Maluoth*, No. 8:22-CR-255, 2023 WL 3882718, at *2 (D. Neb. June 8, 2023) (citing *United States v. Beard*, 708 F.3d 1062, 1066 (8th Cir. 2013) (finding that district court did not clearly err by deferring to officer's description of incident where officer had "a better view of events than the camera in his patrol car")).  Where, as here, Officer Bos offered credible testimony that he both witnessed the van speeding and confirmed it with radar, the lack of video evidence does not warrant suppression.

The remaining unobjected-to portions of the Report and Recommendation have been reviewed for clear error.  *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).  Finding none, the Report and Recommendation will be accepted in full.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.  Defendant's Objection to the Report and Recommendation [ECF No. 39] is **OVERRULED**.

2.  The Report and Recommendation [ECF No. 36] is **ACCEPTED**.

3.  Defendant's Motion to Suppress Evidence Obtained as a Result of a Warrantless Seizure [ECF No. 24] is **DENIED**.

4.  Defendant's Motion to Suppress Statements, Admissions, and Answers [ECF No. 25] is **DENIED AS MOOT** in part and **GRANTED** in part.

Dated: March 26, 2026                    s/ Eric C. Tostrud
                                         Eric C. Tostrud
                                         United States District Court

4